**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| UMESHBHAI PATEL | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No._________ |
| UNITED STATES and USDA FOOD & NUTRITION SERVICE, | ) | |
| Defendants. | ) | |
| | / | |

## COMPLAINT

Plaintiff Umeshbhai Patel, by and through undersigned counsel, hereby files this Complaint against Defendants United States and USDA Food and Nutrition Service, and alleges as follows:

1. This is an action for declaratory and injunctive relief to compel the United States, and its subordinate agencies, departments, and services, including by not limited to USDA Food and Nutrition Service ("FNS")(collectively, "Federal Defendants"), to remove Plaintiff Umeshbhai Patel ("Patel" or "Umesh Patel") from the list of excluded parties maintained by the General Services Administration ("GSA") on its System for Award Management website ("SAM List").

2. The Plaintiff challenges his being listed on the SAM List by the Federal Defendants inasmuch as such listing is violative of the due process clause of the Fifth Amendment to the United States Constitution because it was done without notice or opportunity for a hearing.

**PARTIES**

3. Plaintiff Umesh Patel is a resident and citizen of the State of South Carolina.

4. Defendant United States of America is the federal government.

5. Defendant FNS is an agency of the United States Department of Agriculture ("USDA"). USDA is an executive branch department of the federal government. FNS is the federal agency responsible for administering the nation's domestic nutrition assistance programs, including SNAP.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1346.

7. This Court has jurisdiction to grant declaratory and further necessary and proper relief pursuant to 28 U.S.C. §§2201-2202 and Federal Rules of Civil Procedure 57 and 65.

8. The Plaintiff, Umesh Patel, has exhausted any and all administrative remedies required prior to the institution of this action.

9. Venue in this district is proper under 28 U.S.C. §§1391(b) and (e) because Patel is employed in Dillon County in this judicial district and division and because the United States of America is deemed a resident of this district and division and has consented to suit in this district and division.

**FACTUAL BACKGROUND**

10. Between 2017 and November 19, 2018, Mr. Patel was actively employed as a staff pharmacist at Walgreen's Store #10447, located at 1210 Highway 310 North, Dillon, South Carolina 29536.

11. Upon information and belief, Walgreen's is a participant in federal health care programs, including Medicare and Medicaid.

12. Participants in federal health care programs are prohibited from employing persons listed on the SAM List.

13. Swami Investment, LLC, a Michigan limited liability company, is the owner of Quick Stop, a retail food store located at 5015 Gull Road, Kalamazoo, Michigan 49048 ("Quick Stop" or "Store").

14. During 2012, Quick Stop applied to FNS seeking authorization as an authorization SNAP vendor.

15. Shortly after Quick Stop submitted its application for SNAP authorization, FNS authorized Quick Stop to participate in SNAP as an authorized retail food store.

16. At no time did Mr. Patel work at or manage the Store.

17. Quick Stop is located more than 800 miles from Mr. Patel's place of employment in Dillon, South Carolina.

18. On March 20, 2018, FNS charged the Store with trafficking in violation of FNS's SNAP regulations ("Charge Letter").

19. The Charge Letter did not identify Mr. Patel as being involved in any of the alleged trafficking transactions.

20. On May 2, 2018, FNS permanently disqualified the Store from participation in SNAP.

21. On or about August 15, 2018, FNS, without notice to Mr. Patel and without providing him with an opportunity to be heard, listed him personally on the SAM List.

22. The stated reason for FNS's placement of Mr. Patel on the SAM List was because his store was declared:

> [P]ermanently disqualified from participation in the Supplemental Nutrition Assistance Program (SNAP, formerly the Food Stamp Program) by the Department of Agriculture Food and Nutrition Service pursuant to 7 U.S.C. 2021(b) for violations resulting from the purchase of coupons or trafficking in coupons or authorization cards by a retail food store or wholesale food concern or

> a finding of the unauthorized redemption, use, transfer, acquisition, alternation or possession of Electronic Benefit Transfer (EBT) cards. Listed disqualified persons are prohibited under 7 USC 2021(b) or 7 CFR 278.6 from participating in SNAP.

23. On November 20, 2018, Mr. Patel was advised by his employer that it had discovered that his name was on the SAM List, that he could not be employed as a staff pharmacist based on his being listed thereon, that he was immediately suspended from employment, and that he would be terminated on December 20, 2018, in the event that he was still on the SAM list.

24. On November 20, 2018, Mr. Patel, acting *pro se*, requested that FNS remove him from SAM.

25. On December 6, 2018, FNS denied Mr. Patel's request for removal from SAM.

26. On December 14, 2018, Mr. Patel, through counsel, filed a Petition with FNS's Administrator, Brandon Lipps, requesting that FNS remove him from SAM ("Petition").

27. On December 20, 2018, Andrea Gold, Director of FNS's Retail Policy and Management Division, responded to Mr. Patel's Petition affirming FNS's December 6, 2018, determination to deny his request to remove him from SAM.

28. On December 20, 2018, and January 7, 2019, Mr. Patel requested that his termination be deferred until January 31, 2019, or the resolution of preliminary injunction proceedings in this case, whichever is later.

29. Although Mr. Patel has not yet been terminated, he is subject to immediate termination at any time.

<u>FNS, SNAP, and FNS's Listing of Disqualified SNAP Retailers on the SAM List</u>

30. Formerly known as the food stamp program, SNAP provides supplemental nutrition benefits to nearly 40 million Americans. SNAP's fundamental purpose is to

provide eligible low-income households with increased food purchasing power. 7 U.S.C. §2011.

31. FNS administers and has promulgated regulations governing the SNAP pursuant to powers delegated by Congress in Section 4 of the Food and Nutrition Act of 2008 ("Act"). 7 U.S.C. §2013.

32. Pursuant to SNAP regulations set forth in 7 C.F.R. Part 278, FNS has authority to authorize and disqualify retail food stores from participation in SNAP.

33. The Act does not authorize FNS to impose the sanction of listing owners of disqualified SNAP retailers on the SAM List.

34. FNS's SNAP regulations do not expressly authorize the agency to impose the sanction of listing owners of disqualified SNAP retailers on the SAM List.

35. FNS's SNAP regulations do not implicitly authorize the agency to impose the sanction of listing owners of disqualified SNAP retailers on the SAM List.

36. FNS's SNAP regulations are silent as to imposing the sanction of listing owners of disqualified SNAP retailers on the SAM List.

37. FNS has issued no publicly available policy memoranda relating to imposing the sanction of listing owners of disqualified SNAP retailers on the SAM List.

38. FNS has issued no publicly available guidance relating to imposing the sanction of listing owners of disqualified SNAP retailers on the SAM List.

39. FNS's SNAP retailer application materials, including FNS Form 252, do not authorize or otherwise advise applicants that FNS may or shall impose the sanction of listing owners of disqualified SNAP retailers on the SAM List.

40. FNS's SNAP Retailer Training Guide does not advise that FNS may or shall impose the sanction of listing owners of disqualified SNAP retailers on the SAM List.

41. FNS's SNAP Retailer Training Video does not advise that FNS may or shall impose the sanction of listing owners of disqualified SNAP retailers on the SAM List.

42. FNS does not advise retail food stores it charges with trafficking that the agency may or will impose the sanction of listing owners of disqualified SNAP retailers on the SAM List.

43. FNS does not advise retailers who have been permanently disqualified from SNAP that the agency may or shall impose the sanction of listing owners of such stores on the SAM List.

44. Prior to 2017, FNS did not routinely list owners of retail food stores permanently disqualified from SNAP on the SAM List.

45. FNS commenced routinely listing owners of retail food stores permanently disqualified from SNAP on the SAM List following the issuance of a September 2017 USDA Office of Inspector General Report, entitled "Implementation of Suspension and Debarment Tools in the U.S. Department of Agriculture."

46. Although its SNAP regulations provide that it may permanently disqualify authorized *retailers* who engage in trafficking in SNAP benefits, those regulations do not provide for FNS to permanently disqualify *owners of sole proprietorships, shareholders of corporations,* or *managers of limited liability companies* from participation in SNAP. *See* 7 C.F.R. §278.6.

47. The Act and FNS's SNAP regulations expressly list the array of applicable sanctions that the agency may impose *against a firm* in the event that it administratively determines that trafficking in SNAP benefits took place.

48. These sanctions consist of, *inter alia*, suspension or permanent disqualification of *retail food stores* from participation in SNAP and/or the issuance of a civil money penalty in lieu of disqualification from SNAP. *See* 7 C.F.R. §278.6; 7 U.S.C. §2021.

49. Neither the Act nor FNS's SNAP regulations provide FNS with authorize to impose the sanctions against *owners, shareholders, or managers* of firms, including (but not limited to) the listing of an owner of a disqualified SNAP retailer on the SAM List.

50. Mr. Patel was unaware that he had been listed by FNS on the SAM List until he was suspended from his employment at a staff pharmacist at a Walgreen's store in Dillon, South Carolina.

51. Mr. Patel's employment at Walgreen's is entirely unrelated to SNAP.

52. Mr. Patel's employment at Walgreen's is entirely unrelated to the Store.

53. FNS, following its permanent disqualification of the Store, listed Mr. Patel on the SAM List, in violation of his Fifth Amendment right to receive notice thereof and an opportunity to be heard prior to the deprivation of his constitutional rights.

## COUNT I
## VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

54. The Plaintiff, Umeshbhai Patel, incorporates and restates each and every paragraph set forth above as if fully set forth herein.

55. This Court has jurisdiction over Mr. Patel's claim for violation of the Fifth Amendment of the United States Constitution, which provides that "no person shall be … deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V.

56. Due process requires that an individual receive adequate notice of the particular deprivation be preceded by notice and an opportunity for hearing.

57. Mr. Patel was entitled to notice and opportunity to be heard prior to being listed by FNS on the SAM List.

58. FNS has no administrative or other process by which it notifies persons prior to listing them on the SAM List.

59. FNS does not hold hearings prior to listing persons on the SAM List.

60. FNS's SNAP administrative process does not provide for discovery, does not permit retailers charged with trafficking to call witnesses, is not held before an duly appointed administrative law judge, and is not a contested case.

61. FNS's SNAP administrative process is not a "meaningful hearing" and does not comport with the requirements of the due process clause of the Fifth Amendment to the United States Constitution.

62. FNS's listing of owners of disqualified retail food stores on the SAM List is tantamount to permanent debarment.

63. In the case of a procedural due process claim, an allegedly infirm or non-existent process is an injury in itself.

64. Under its SNAP regulations, FNS may only sanction an individual and/or entity following an administrative determination, by a preponderance of the evidence, that such person and/or entity is found to be in violation of the SNAP program.

65. The list of permissible sanctions that FNS may impose on SNAP retailers is set forth at 7 C.F.R. §278.6. The sanctions that FNS may impose are limited to a term or permanent disqualification from SNAP, or in applicable circumstances, a civil monetary penalty in lieu of imposing a term or permanent disqualification.

66. FNS's SNAP regulation do not authorize the agency to impose the sanction of listing disqualified SNAP retailers on the SAM List.

67. FNS listed Mr. Patel on the SAM List following his Store's disqualification from SNAP without providing him with written or other notice of its intent to do so at any time, in violation of the rights afforded to him by the Fifth Amendment of the United States Constitution.

68. FNS never provided Mr. Patel with any opportunity to be heard regarding and prior to imposition of the sanction of being placed on the SAM List.

69. FNS's SNAP regulations did not advise Mr. Patel that he could be listed on the SAM List in the event that his Store was permanently disqualified from SNAP.

70. FNS's Charge Letter did not advise Mr. Patel that he could be listed on the SAM List in the event that his Store was permanently disqualified from SNAP.

71. FNS's permanent disqualification letter did not advise Mr. Patel that he would be listed on the SAM List in the event that he did not seek administrative or judicial review and succeed in having his Store's disqualification from SNAP reversed.

72. At no time after placing Mr. Patel on the SAM List did FNS ever notify him that it had placed him thereon.

73. As a direct result of being placed on the SAM List, Mr. Patel's constitutionally protected interests were deprived, without notice and without an opportunity to be heard.

74. On November 20, 2018, Mr. Patel was suspended from his employment, with an attendant loss of compensation.

75. Mr. Patel is currently suspended without pay from his position as a staff pharmacist as a direct result of FNS's listing him on the SAM List.

76. Mr. Patel's employer advised that his employment will be terminated, thereby adversely impacting his ability to provide income for his family.

77. Mr. Patel's future employment prospects in his chosen field have also been adversely affected by FNS's listing him on the SAM List.

78. As a direct result of FNS's actions, Mr. Patel will not be able to be employed as a pharmacist because drug stores receive federal funding in connection with the Medicare and/or Medicaid programs and because those employers cross-reference the SAM List prior to making hiring and retention decisions for pharmacists.

79. Mr. Patel will not be able to be employed as a pharmacist at any location that engages in federally covered transactions based on his being listing on the SAM List by FNS.

80. FNS violated Mr. Patel's liberty and property rights, which are protected by the Due Process Clause of the Fifth Amendment by placing him on the SAM List without notice and without a meaningful hearing.

81. The substantial private interests affected by FNS's actions and the high risk of erroneous deprivation of Mr. Patel's property and liberty interests as a result of being placed on the SAM List, substantially outweigh the Defendants' *de minimis* interest in keeping Mr. Patel's name on the SAM List.

82. As a direct result of being placed on the SAM List, Mr. Patel's liberty and property rights, which are protected by the Due Process Clause of the Fifth Amendment, were violated.

83. Mr. Patel is entitled to such relief as this Court may deem just and proper, including, but not limited to, an Order preliminarily and permanently enjoining FNS from maintaining Mr. Patel on the SAM List, and the costs and expenses of this action, including (but not limited to) an amount equal to the Plaintiff's reasonable attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412.

**WHEREFORE**, Plaintiffs Umesh Patel respectfully requests that this Court enter judgment in his favor and against the Federal Defendants, and issue an Order granting the following relief:

(a) Declaring that FNS violated the Due Process Clause of the Fifth Amendment to the United States Constitution by imposing the sanction of listing Mr. Patel on the SAM List without notice or an opportunity to be heard;

(b) Entering a preliminary injunction requiring FNS to remove Umeshbhai Patel's name from the SAM List during the pendency of this action;

(c) Entering a permanent injunction prohibiting, on a continuing basis, FNS from listing Umeshbhai Patel's name on the SAM List;

(d) Awarding Umesh Patel an amount equal to his reasonable attorneys' fees and costs pursuant to 28 U.S.C. §2412 and/or this Court's inherent authority; and

(e) Such other and further relief as the Court may deem just and proper.

## COUNT II
## FNS EXCEEDED ITS AUTHORITY UNDER THE FOOD AND NUTRITION ACT AND APPLICABLE REGULATIONS BY LISTING MR. PATEL ON THE SAM LIST

84. The Plaintiff hereby re-avers those allegations set forth in paragraphs 1 through 53, inclusive, as set forth herein.

85. FNS's authority to disqualify persons or entities is limited to the language set forth in the Act and any regulations properly promulgated thereunder.

86. FNS does not have authority to list owners of disqualified SNAP retailers on the SAM List without promulgating appropriate and applicable regulations within the scope of the authority delegated to it by Congress.

87. Any FNS decision to list owners of disqualified SNAP retailers on the SAM List without advance notice is arbitrary and capricious.

88. Any FNS decision to list owners of disqualified SNAP retailers on the SAM List without an opportunity to be meaningfully heard is arbitrary and capricious.

89. FNS was without authority and/or exceeded its authority to list Mr. Patel on the SAM List without providing him with notice thereof at the time he applied for his Store's SNAP authorization.

90. FNS was without authority and/or exceeded its authority to list Mr. Patel on the SAM List without providing him with notice thereof at the time it granted the application for his Store's SNAP authorization.

91. FNS was without authority and/or exceeded its authority by charging the Store with trafficking without providing Mr. Patel with notice of the possibility that he would be listed on the SAM List in the event his Store was determined to have engaged in trafficking.

92. FNS was without authority and/or exceeded its authority to list Mr. Patel on the SAM List without providing him with notice thereof at the time it disqualified his Store based upon its trafficking determination.

93. FNS was without authority and/or exceeded its authority to list Mr. Patel on the SAM List without providing him with a meaningful hearing at the time it charged his Store with trafficking.

94. FNS was without authority and/or exceeded its authority to list Mr. Patel on the SAM List without providing him with a meaningful hearing at the time it disqualified his Store based upon its trafficking determination.

95. FNS's listing of Mr. Patel on the SAM List is tantamount to permanent debarment.

96. USDA's regulations, at DR 2280-001, provide for notice and an opportunity to be heard prior to institution of debarment and suspension proceedings.

97. Because FNS acted without authority or in exceed of the authority delegated to it by Congress in the Act, the agency's listing of Mr. Patel on the SAM List is *ultra vires*, without authority, and should be vacated by this Court.

**WHEREFORE**, Plaintiffs Umesh Patel respectfully requests that this Court enter judgment in his favor and against the Federal Defendants, and issue an Order granting the following relief:

(a) Declaring that FNS's imposition of the sanction of listing Mr. Patel on the SAM List without notice or an opportunity to be heard was *ultra vires,* and exceeded its authority under the Food and Nutrition Act of 2008 and applicable regulations;

(b) Entering a preliminary injunction requiring FNS to remove Umeshbhai Pa1tel's name from the SAM List during the pendency of this action;

(c) Entering a permanent injunction prohibiting, on a continuing basis, FNS from listing Umeshbhai Patel's name on the SAM List;

(d) Awarding Umesh Patel an amount equal to his reasonable attorneys' fees and costs pursuant to 28 U.S.C. 2412 and applicable ; and

(e) Such other and further relief as the Court may deem just and proper.

Dated this 8th day of January 2019.

TURNER, PADGET, GRAHAM &
LANEY, P.A.

*s/ J. RENÉ JOSEY*
J. René Josey (Federal I.D. #1004)
319 South Irby Street
Post Office Box 5478
Florence, SC 29502-5478
JJosey@TurnerPadget.com
Tel: (843) 656-4451
Fax: (843) 413-5818

Stewart D. Fried, Esq.
Olsson Frank Weeda Terman Matz PC
2000 Pennsylvania Avenue, N.W. #3000
Washington, D.C. 20006
sfried@ofwlaw.com
(202) 518-6326
(202) 234-3550 Facsimile

Attorneys for Plaintiff